UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CFR (XXX-XX-6574)                                CIVIL ACTION NO. 11-cv-0633

VERSUS                                           JUDGE FOOTE

U.S. COMMISSIONER, SOCIAL                        MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

## REPORT AND RECOMMENDATION

**Introduction**

CFR ("Plaintiff") was born in 1961, has a limited education, and past relevant work as a waitress. She applied for disability benefits based primarily on cardiac-related limitations. ALJ Lawrence T. Ragona held a hearing and issued a written decision that Plaintiff was not disabled. The Appeals Council denied a request for review, and Plaintiff filed this civil action to seek the limited judicial relief that is available pursuant to 42 U.S.C. § 405(g).

Her principal argument on appeal is that the ALJ lacked sufficient evidence to find her capable of performing the full range of sedentary work, which precluded his exclusive reliance on the Guidelines at step five. For the reasons that follow, it is recommended that the Commissioner's decision be affirmed and that a final judgment be entered dismissing this action.

**Summary of the ALJ's Decision**

The ALJ analyzed Plaintiff's claim under the five-step sequential analysis established in the regulations. It requires the ALJ to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.  The claimant bears the burden of showing he is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there are jobs that exist in significant numbers that the claimant can perform. If, at any step, the claimant is determined to be disabled or not disabled, the inquiry ends. See Audler v. Astrue, 501 F.3d 446, 447-48 (5th Cir. 2007).

The ALJ found that Plaintiff had attempted to work after her alleged onset date, but the attempt was unsuccessful, so he held in her favor at step one.  He found at step two that she had the following severe impairments:  status post myocardial infarction and stent placement, with residual effects, and disorder of the cervical spine.  The impairments were not so severe as to meet or equal a listed impairment at step three, which would require a finding of disabled without regard to the claimant's age, education, or work experience.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") and found that she could perform the full range of sedentary work.  Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  A sedentary job involves sitting, but a certain amount of walking and

standing is often necessary to carry out job duties. A job is sedentary if walking and standing are required occasionally (up to a total of 2 hours per workday) and other sedentary criteria are met. 20 C.F.R. §§ 404.1567(a) and 416.967(a); Social Security Ruling 83-10.

The ALJ found at step four that Plaintiff could not perform her past relevant work as a waitress because the demands of that work would exceed the sedentary exertional work. He then turned to step five, which asks whether the claimant is able to perform the demands of other jobs that are available in the economy. At the fifth step, the Commissioner may meet his burden of proof by looking to the Medical Vocational Guidelines found at 20 C.F.R. §404, Sub-part P, Appendix 2. The Commissioner may rely <u>exclusively</u> on the Guidelines if (1) the claimant suffers only from exertional impairments or (2) the claimant's nonexertional impairments do not significantly affect her RFC. <u>Id</u>. § 404.1569; <u>Fraga v. Bowen</u>, 810 F.2d 1296, 1304 (5th Cir. 1987). If nonexertional impairments do significantly affect the plaintiff's RFC, the Commissioner may look to the Guidelines for <u>guidance</u> but must also look to expert vocational testimony or other similar evidence to meet his burden of proving that such jobs exist. <u>Fraga</u>, <u>supra</u>.

The ALJ looked to Rule 201.19 found in the Guidelines. It states that a person age 45 to 49, with a limited or less education, and who can perform the full range of sedentary work is not disabled. The ALJ relied exclusively on that rule to direct the decision; he did not solicit any testimony from a vocational expert ("VE").

**Issue on Appeal**

Plaintiff argues on appeal that the ALJ erred in finding that she could perform a full range of sedentary work. She contends that the medical evidence required findings of nonexertional impairments that would preclude the ALJ from relying exclusively on the Guidelines to meet his step five burden.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

The ALJ looked primarily to three sources of evidence when assessing Plaintiff's RFC: a consultative examination report from Dr. Roberto Rivera; a functional capacity assessment completed by state agency medical consultant Dr. Mark Walker; and the evidence of Plaintiff's daily activities. Dr. Rivera examined Plaintiff in February 2008. Plaintiff complained of severe fatigue and shortness of breath that was ongoing since her heart attack in November 2007. She told Dr. Rivera that she could not work because she was always tired. She denied chest pain and said she was independent in her daily activities and spent

most days reading, watching TV, or doing light housework. Dr. Rivera wrote that Plaintiff ambulated comfortably and was able to get on and off the exam table without help. Her heart had a regular rate and rhythm, with no murmurs. She had a normal gait and was able to walk on her toes and heels. She could squat down and get up without assistance. He found that Plaintiff had normal cervical, thoracic, and lumbar spine, and she had 5/5 motor strength throughout. His diagnosis was fatigue/dyspnea on exertion, status post-myocardial infarction. Tr. 251-54.

Dr. Rivera examined Plaintiff and generally reviewed her medical condition and related limitations, but he did not complete a functional capacity evaluation that indicated specific abilities and limitations in various functions such as lifting, standing, climbing, etc. Dr. Mark Walker, a state agency medical consultant, did not exam Plaintiff but did review Dr. Rivera's report and other medical records. He completed a functional capacity evaluation form in March 2008. He checked boxes to indicate lifting, standing, etc., abilities consistent with light work (which is more demanding than sedentary). But he also found that Plaintiff could never use a ladder, rope, or scaffolds, and could no more than occasionally (less than one-third of the time) engage in climbing of ramps or stairs, balance, stoop, kneel, crouch, or crawl. Tr. 255-62. The ALJ summarized this report and wrote that he "is giving weight to this opinion." Tr. 23.

The ALJ noted that Plaintiff had last worked in 2008 for three or four months as a waitress, which was at least light work, for about 24 hours a week, stopping because she was tired. The ALJ reasoned that this level of work, even though it was not sustained, indicated

that Plaintiff could perform some work-related activities. He also observed that Plaintiff had been caring for her preschool age granddaughter since May 2008, did housework, and grocery shopped. He wrote: "Her daily activities also support the finding that the claimant could perform sedentary work activities." Tr. 24.

Plaintiff argues that the postural limitations indicated by Dr. Walker preclude the performance of the full range of sedentary work, thus requiring the ALJ to go beyond the Guidelines and hear testimony from a VE on whether there are jobs Plaintiff could perform. This argument requires that (1) the postural limitations would in fact significantly erode the unskilled sedentary occupational base and (2) the ALJ was required to incorporate those limitations in his RFC.

Social Security Ruling 96-9p states: "Postural limitations or restrictions related to such activities as climbing ladders, ropes, or scaffolds, balancing, kneeling, crouching, or crawling would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work." The ruling adds that a restriction to occasional stooping, by itself, only minimally erodes the unskilled occupational base of sedentary work. Only a complete inability to stoop would significantly erode the occupational base.

Plaintiff appears to concede these points in her reply memorandum, but she maintains that VE input is needed to consider her only occasional ability to climb ramps or stairs, which she says is an everyday activity in a work setting. Plaintiff cites in support Social Security Rulings 85-15 and 83-14. Ruling 83-14 mentions stairs only once, and that is in a discussion

of the impact on light work if a person would have difficulty walking stairs and performing other tasks because of a visual impairment. Ruling 85-15, which discusses using the Guidelines as a framework for evaluating solely nonexertional impairments, states that ascending or descending ramps or a few stairs and maintaining body equilibrium while doing so are required more in some jobs than others. "Where a person has some limitation in climbing and balancing and it is the only limitation, it would not ordinarily have a significant impact on the broad world of work." Thus, the cited rulings do not clearly state that a limitation to occasional climbing of ramps or stairs precludes a full range of sedentary work.

An argument similar to Plaintiff's was rejected in Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008). The claimant argued that the ALJ's RFC finding erroneously omitted postural limitations (only occasionally balancing, stooping, and climbing of ramps and stairs), but the Court found any error was harmless because sedentary jobs require those activities infrequently. The Court cited Ruling 96-9p in support. See also Sternberg v Commissioner, 438 Fed. Appx. 89, 93-94 (3d Cir. 2011) (affirming denial when ALJ found RFC for full range of sedentary work despite occasional limitations in the ability to climb stairs and ramps). Accordingly, Plaintiff has not made a persuasive argument that a limitation to no more than occasional climbing of stairs or ramps would have a significant enough impact on the availability of sedentary work that VE testimony is required.

The reasons just given are sufficient to require the Commissioner's decision be affirmed. An additional reason relates to Plaintiff's argument's underlying contention that the ALJ was required to accept the postural limitations found by Dr. Walker. The ALJ did

say that he gave weight to the opinion, but he did not say that he adopted it wholly. He obviously did not, as evidenced by his finding that Plaintiff could perform only sedentary work, not the more demanding light work found by Dr. Walker. And he did not gave the report controlling or great weight. He simply gave it "weight."

Determining a claimant's RFC is the ALJ's responsibility. <u>Ripley v. Chater</u>, 67 F.3d 552, 557 (5th Cir.1995); 20 C.F.R. § 404.1546(c). In making that determination, the ALJ must consider all of the relevant evidence of record, 20 C.F.R. § 404.1545(a)(3), and he must weigh the medical source opinion evidence. 20 C.F.R. § 404.1527(d). "The ALJ he has the authority and duty to weigh the evidence and reach any conclusion supported by substantial evidence." <u>Gonzales v. Astrue</u>, 231 Fed. Appx. 322, 324, (5th Cir. 2007).

The ALJ had the opinions of Drs. Walker and Rivera, as well as the evidence of Plaintiff's daily activities. He did not fully explain what weight he afforded each aspect of the evidence, but there were certainly credible evidentiary choices that he could make to arrive at an RFC for sedentary work that did not include the postural limitations found by Dr. Walker. Both Dr. Rivera's findings and Plaintiff's activities of daily living suggested greater abilities in that regard. Finally, as noted above, the ALJ may have properly determined that Plaintiff was capable of a full range of sedentary work even with such postural limitations.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision be affirmed and that a final judgment be entered dismissing this action.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of June, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE